UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHNNIE DAVIS,

                Plaintiff,

-against-

THE PEOPLE OF THE UNITED STATES;
HON. ROSLYN MAUSKOPF; MAGISTRATE
JUDGE LOIS BLOOM; NEW YORK CITY
HOUSING AUTHORITY (NYCHA),

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-3604 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 2 6 2018 ★

BROOKLYN OFFICE

ANN M. DONNELLY, United States District Judge.

On June 20, 2018, the *pro se* plaintiff Johnnie Davis, commenced this action against Judge Roslynn R. Mauskopf and Judge Lois Bloom of the Eastern District of New York and the New York City Housing Authority ("NYCHA"). The plaintiff's request to proceed *in forma pauperis* is hereby granted. For the reasons discussed below, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Background**

In 2016, the plaintiff filed an action in this court against NYCHA, alleging that NYCHA denied him a Section 8 subsidy and discriminated against him based on his race, criminal history, drug use and psychological issues. *See Davis v. NYCHA*, No. 16-CV-2374 (RRM)(LB) (Compl., ECF No. 1, at 4). By order dated March 9, 2017, Judge Mauskopf dismissed the complaint and granted the plaintiff leave to amend the complaint. (*Id.* at ECF No. 7.) Judge Mauskopf instructed the plaintiff that if he chose to amend his complaint, he must allege sufficient facts to show that NYCHA's refusal to issue him a Section 8 subsidy violated his rights under the Fair

1

Housing Act, the Americans with Disabilities Act, or the Rehabilitation Act. (*Id.* at 7.) The plaintiff did not file an amended complaint and the Clerk of the Court entered judgment dismissing the case. (*Id.* at ECF No. 8). The plaintiff did not file a notice of appeal.

The plaintiff filed this action, alleging that Judge Mauskopf and Judge Bloom have "repeatedly placed [his claim] on hold." (ECF No. 1, at 5-6.) The judges also allegedly "mishandle[ed]" the above case and "chose[] to not persue [sic] Justice, but their own selfish needs." (*Id.*) The plaintiff seeks monetary damages as well as "immediate placement in the Section 8 program." (*Id.*)

## Standard of Review

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys; the court must read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *See, e.g., Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), I am required to dismiss a complaint, filed *in forma pauperis,* if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when the claim is based on an

"indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## Discussion

Although the plaintiff does not allege a basis for the exercise of the court's jurisdiction, I construe the complaint to raise claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). Judicial immunity may be overcome only if the judge is alleged to have taken "nonjudicial actions, *i.e.* actions not taken in the judge's judicial capacity," or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11-12.

The plaintiff appears to be suing Judge Mauskopf and Judge Bloom for damages in connection with Judge Mauskopf's decision to dismiss his action in *Davis v. NYCHA*, No. 16-CV-2374 (RRM)(LB). But Judge Mauskopf's decision is clearly a judicial function for which absolute immunity applies. *See, e.g., Babaev v. Farinella*, No. 17-CV-873, 2017 WL 2256643, at *2 (E.D.N.Y. May 22, 2017) (judicial immunity doctrine barred claims brought against the judge); *Xiu Jian Sun v. Pollak*, No. 17 CV 1570, 2017 WL 5515850, at *2 (E.D.N.Y. Apr. 10,

2017) (same); *Johnson v. Raggi*, No. 16 CV 2765, 2016 WL 3647865, at *1–2 (E.D.N.Y. July 1, 2016) (same).

To the extent that the plaintiff also seeks injunctive relief—immediate placement in Section 8 housing—his claims are precluded by the Federal Courts Improvement Act of 1996 ("FCIA"), which extends judicial immunity to most actions seeking prospective injunctive relief. *See* Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104–317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983) ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); *Huminski v. Corsones*, 396 F.3d 53, 74, n.23 (2d Cir. 2005); *see also Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order).

Moreover, to the extent that the plaintiff seeks monetary damages against the United States for alleged violations of his constitutional rights, his claim is barred by the doctrine of sovereign immunity. *See U.S. v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (internal quotation marks and alterations omitted)); *accord Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Because the doctrine of sovereign immunity is jurisdictional, the burden is on the plaintiff to establish that his claim falls within an applicable waiver. *Makarova*, 201 F.3d at 113. The plaintiff has not alleged any facts to show that waiver is applicable.

Finally, the plaintiff does not plead any factual allegations against the defendant, NYCHA. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (although courts are

4

"obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports, [courts] cannot invent factual allegations that he has not pled.").

## Conclusion

Accordingly, the plaintiff's complaint, filed *in forma pauperis* is dismissed. 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter judgment dismissing the action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
June 26, 2018